UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 05-30017-MAP |
| | ) | |
| | ) | |
| | ) | |
| CARLOS MARRERO, | ) | |
| Defendant | ) | |

<u>MEMORANDUM AND ORDER WITH REGARD TO DEFENDANT'S
MOTION FOR CONDITIONAL RELEASE (Document No. 17)</u>
July 25, 2005

NEIMAN, U.S.M.J.

Carlos Marrero ("Defendant") has been charged in an indictment dated April 14, 2005, with two counts of possession with intent to distribute cocaine base in the form of crack cocaine in violation of 21 U.S.C. § 841. The Government moved for detention pursuant to 18 U.S.C. § 3142(e) and (f), asserting that Defendant presents a risk of flight and a danger to the community. On April 15, 2005, the court allowed the Government's motion without prejudice to Defendant's thereafter pursuing a motion for release. It is Defendant's "motion for conditional release" which is presently before the court.

A hearing on Defendant's motion was held on July 19, 2005. Having now fully considered the evidence as well as the Pretrial Services Officer's recommendation to detain Defendant, the court, for the reasons which follow, will deny Defendant's motion.

I.  Bail Reform Act

Under 18 U.S.C. § 3142 ("The Bail Reform Act" or "the Act"), the judicial officer

shall order that, pending trial, a defendant be (1) released on his own recognizance or

upon execution of an unsecured bond; (2) released on a condition or combination of

conditions; (3) temporarily detained to permit revocation of conditional release,

deportation, or exclusion; or (4) detained.  18 U.S.C. § 3142(a).  Under the Act, the

judicial officer may detain a person pending trial only if, after a detention hearing held

pursuant to 18 U.S.C. § 3142(f), the judicial officer determines that "no condition or

combination of conditions [set forth under 18 U.S.C. § 3142(b) or (c)] will reasonably

assure the appearance of the person as required and the safety of any other person

and the community."  18 U.S.C. § 3142(e).

The Supreme Court has cautioned that "[i]n our society liberty is the norm, and

detention prior to trial or without trial is the carefully limited exception."  *United States v.

Salerno*, 481 U.S. 739, 755 (1987).  For this reason, a defendant may be detained only

if the judicial officer finds by (1) *clear and convincing evidence*, that the defendant is a

danger to the community, or (2) *a preponderance of the evidence*, that the defendant

poses a risk of flight.  *See* 18 U.S.C. § 3142(f); *United States v. Patriarca*, 948 F.2d

789, 792-93 (1st Cir. 1991); *United States v. Jackson*, 823 F.2d 4, 5 (2d Cir. 1987);

*United States v. Berrios-Berrios*, 791 F.2d 246, 250 (2d Cir. 1986).  Furthermore, the

judicial officer "may not impose a financial condition that results in the pretrial detention

of the person."  18 U.S.C. § 3142(c).

The Bail Reform Act establishes a two-step procedure for making the

determination that a defendant should be detained.  First, the Government is entitled to move for detention when a defendant has been charged with an offense enumerated in the Act for which Congress has determined that detention is warranted.  *See* 18 U.S.C. § 3142(f)(1).  Second, the judicial officer must determine whether any condition or combination of conditions will adequately ensure the appearance of the defendant and the safety of the community against any danger posed by the defendant's pretrial release.  *See United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988).

In meeting its burden on the issue of whether "any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Government is aided by the statutory presumptions created by 18 U.S.C. § 3142(e).  Where the offense charged is one of the offenses enumerated in section 3142(f)(1), a rebuttable presumption is created by section 3142(e), that no condition or combination of conditions will reasonably assure the safety of the community if the judicial officer finds that: (1) the defendant has been convicted of a federal offense that is described in section 3142(f) or an offense under state law that would have been described in section 3142(f)(1) if federal jurisdiction had existed, (2) such offense was committed while the person was on release pending trial for a federal, state or local offense, and (3) a period of not more than five years has elapsed since the date of conviction or release from imprisonment for such offense.

The Government may invoke the same rebuttable presumption if the judicial officer finds probable cause to believe that the defendant committed an offense: (1) for

3

which a maximum term of imprisonment of ten years or more is prescribed in (a) the
Controlled Substances Act, (b) the Controlled Substances Import and Export Act, or (c)
the Maritime Drug Enforcement Act; or (2) under 18 U.S.C. § 924(c).

In making the determination as to whether a defendant overcomes the statutory
presumption of 18 U.S.C. § 3142(e), the judicial officer is compelled to consider the
following factors:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including --
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g). The Government has invoked the rebuttable presumption in the
instant case.

## II. Findings of Facts and Discussion of Whether Detention is Warranted

The court makes the following factual findings and conclusions of law.

### A. Nature of Offense: § 3142(g)(1)

4

As described, Defendant has been charged with two drug offenses.  The
Government has indicated that Defendant faces a mandatory minimum sentence of life
imprisonment given his previous convictions.  Defendant challenges the Government's
estimation to some degree, asserting that he faces only 151 to 188 months, on the
assumption that the Government cannot prove that the drugs at issue were cocaine
base in the form of crack.

### B.  The Weight of the Evidence: § 3142(g)(2)

The case against Defendant is strong, based as it is on consensually monitored
telephone calls, videtaped and audiotaped surveillance and the active participation of a
cooperating witness.

### C.  History and Characteristics of Defendant: § 3142(g)(3)(A)

Defendant is thirty-five years old with a ninth grade education.  He was born in
Puerto Rico, raised in New York City, and has lived in and around Springfield since
1991.  He presently resides with his fiancee, Shelly Rivera, their twenty-two month old
son and Ms. Rivera's three other children, ages seven, twelve and sixteen.  They live at
71 Prospect Street, Chicopee, in a house owned by Defendant.

Prior to his arrest, Defendant was employed for about one and one-half years by
Aldenville Window Company.  Otherwise he has a limited work history.  Defendant also
has an extensive criminal record -- including convictions for assaults with dangerous
weapons, possession of a sawed-off shotgun, possession and distribution of controlled
substances, trafficking in controlled substances, robbery and grand larceny.  He was
most recently incarcerated from 1997 to 2002.

5

D.  Probation Status of Defendant: § 3142(g)(3)(B)

It appears that the charged crimes were not committed while Defendant was on probationary or parole status.

E.    Whether Defendant Poses a Risk of Flight or a Danger to the Community: §§ 3142(e), (g)(4)

The Government maintains that Defendant poses both a serious risk of flight and a danger to the community.  The court agrees.

Defendant has some family ties to the Springfield area, namely, his fiancee and son.  The court believes, however, that these are not strong enough to prevent Defendant's flight, given the long (potentially life) sentence he faces, or to assure the safety of the community, given his extensive, uninterrupted (but for periods of incarceration) criminal record.  Moreover, Defendant has been charged with two counts of drug distribution in June of 2004, no more than two years after he was last released from prison and about one year after he established his relationship with Ms. Rivera.  Finally, the court is not convinced that the information provided by Defendant to the court under seal sufficiently mitigates against these risks.

Of course, even in cases where there is the potential for danger, there may still be strict conditions of release which can serve as a reasonable guard against that risk.  See Patriarca, 948 F.2d at 794.  Here, Defendant suggests, those conditions include residing with his fiancee, electronic monitoring, employment and other standard provisions.  Most importantly, Defendant asserts, he is willing to post his house in

Chicopee, which has at least $50,000 in equity.

Unfortunately for Defendant's cause, the court does not agree that the suggested conditions can reasonably assure the safety of the community or the risk against Defendant's flight.  At the July 19th hearing, the court conducted an extensive colloquy with Ms. Rivera.  The court learned that hardly any of the equity in the house, purchased in January of 2005, is attributable to Defendant himself.  According to Ms. Rivera, the bulk of the equity derives from monies she herself obtained from the father of two of her other children, as well as substantial amounts from her own father and stepmother in New York City.  Although the court finds it hard to believe that these sums would have been provided to Ms. Rivera -- who claims to have a poor credit rating -- with knowledge that the house would be placed into Defendant's name only, the bottom line is that Defendant himself risks little financially if he were to flee.  The court also finds it difficult to believe that a bank would have authorized a loan to Defendant, who supposedly had a better credit rating than Ms. Rivera, if it knew his extensive criminal history.  In any event, the court does not believe that Defendant's ties to Ms. Rivera and his child can reasonably assure his continued presence in Massachusetts given the lengthy life sentence he faces.

Accordingly, Defendant's motion is DENIED.

IT IS SO ORDERED.

DATED:   July 25, 2005

  /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge

7