UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) |
| v. | ) CRIM. NO. 05-30017-MAP<br>)<br>) |
| Carlos Marrero,<br>    a/k/a "Brooklyn,"<br><br>    Defendant. | )<br>)<br>)<br>)<br>) |

## INITIAL STATUS CONFERENCE REPORT
## PURSUANT TO LOCAL RULE 116.5(A)

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Linda J. Thompson, Esq., counsel for Carlos Marrero, hereby submit the following status report pursuant to the Local Rules and Magistrate Judge Neiman's written order.

1. The parties agree at this time that this case does not require relief from the timing requirements imposed by Local Rule 116.3.

2. The defendant requests discovery concerning expert witnesses under Fed.R.Crim.P. 16(a)(1)(E). The government requests reciprocal discovery pursuant to Fed.R.Crim.P. 16(B)(1)(C). The government also renews its request for notice of whether the defendant intends to rely upon an alibi defense (pursuant to Fed. R. Crim. P. 12.1), an insanity defense (pursuant to Fed. R. Crim. P. 12.2), and/or a defense of public authority (pursuant to Fed. R. Crim. P. 12.3). Accordingly, the

parties agree that it is appropriate for the Court to establish dates for response by the parties.

3. The parties anticipate that no additional discovery will be provided by the government as a result of the future receipt of information, documents, or reports of examinations or tests.

4. The parties agree that it would be premature to establish a schedule under Fed. R. Crim. P. 12(c) for the filing and disposition of pretrial motions at the present time.

5. The parties agree that the following periods of time are excluded from the Speedy Trial Act:

   a. the period of time from April 15, 2005, the date of the defendant's initial appearance, through April 26, 2005, the date on which the defendant filed a notice of non-waiver of the automatic discovery provisions of the Local Rules, pursuant to L.R. 112.2 and 18 U.S.C. § 3161(h)(8)(A), (separate order allowing exclusion not yet issued);

   b. the period of time from April 26, 2005, the date on which the defendant filed his notice of non-waiver, through May 10, 2005, which is fourteen days from the date of the filing of the defendant's notice of non-waiver, pursuant to L.R. 112.2 and 18 U.S.C. § 3161(h)(8)(A), (separate order allowing exclusion has not yet issued);

   c. the date of May 25, 2005, on which the defendant filed his motion requesting to be present for the status conference and on which the Court allowed the motion, pursuant to 18 U.S.C. §3161(h)(1)(F), (separate order allowing exclusion not yet issued);

   d. the period of time from June 3, 2005, the date on which the initial status conference was held,

2

through June 20, 2005, the date on which an interim status conference was held, during which time the parties were continuing to engage in discovery, pursuant to 18 U.S.C. § 3161(h)(8)(A);

e. the period of time from June 20, 2005, through November 3, 2005, (exclusion previously ordered).

The parties agree that a total of 23 days will have elapsed under the Speedy Trial Act as of the time of the Status Conference on November 3, 2005, and request that the Court issue an order indicating that the time periods described in the subparagraphs above are excludable pursuant to the Local Rules and 18 U.S.C. § 3161.

6. The parties have not discussed the possibility of resolving this case with a plea and anticipate that a trial will require approximately four trial days.

7. The parties agree that the scheduling of a final status conference would be appropriate.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
Thomas J. O'Connor, Jr.
Assistant U.S. Attorney


_____
Linda J. Thompson, Esq.
Counsel for Carlos Marrero

Dated: November 2, 2005