UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CRIM. NO. 05-30017-MAP |
| ) | |
| Carlos Marrero, ) | |
| a/k/a "Brooklyn," ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S PETITION
FOR RELEASE FROM PRETRIAL DETENTION**

The United States of America, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby opposes the defendant's most recent petition for pretrial release. As grounds for its opposition, the government states as follows.

I.   **The Defendant Should Not Be Released Because There Is A Presumption That No Conditions of Release Will Ensure His Appearance Or the Safety of The Community.**

   A.   **The defendant would pose an unacceptable risk of flight if he were to be released pending trial.**

As the government noted in its opposition to the defendant's prior motion for pretrial release, the defendant is charged with two counts of distributing more than 50 grams of cocaine base in the form of crack cocaine in violation of 21 U.S.C. § 841(a). Because the defendant has been previously convicted of two felony drugs offenses, he is facing a mandatory term of life

1

imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(A)(iii), should he be convicted of the present offenses. Accordingly, the rebuttable presumption of detention set forth in 18 U.S.C. § 3142(e) applies in this case. The government invoked that presumption when it first sought detention of the defendant, and it renews its invocation of the presumption here.

The defendant has a long history of distributing illegal drugs in the community, and he has continued to engage in that dangerous behavior despite being convicted and incarcerated for his offenses. The Information filed by the government pursuant to 18 U.S.C. § 851, sets forth and incorporates the defendant's prior convictions for (1) Trafficking a Controlled Substance (Cocaine), Hampden County Superior Court, Indictment No. 95-587; (2) Possession with Intent To Distribute a Class A Substance (Heroin) Subsequent Offense; Hampden County Superior Court, Indictment No. 94-1161; (3) Possession with Intent To Distribute a Class A Substance (Heroin) within a School Zone, Hampden County Superior Court, Indictment No. 94-1160; and (4) Distributing a Class B Substance (Cocaine), Hampden County Superior Court, Indictment No. 91-1250. In addition to those criminal convictions, the defendant also has been convicted of violent crimes and firearms offenses, such as Assault with a Dangerous Weapon, Hampden County Superior Court, Indictment Nos. 91-1248 and 91-1249, and Possession of a Sawed-off Shotgun, Hampden

County Superior Court, Indictment No. 91-1251.

Further militating against the defendant's release is the strength of the evidence of the defendant's guilt in the present case. Here, it is alleged that the defendant made two hand-to-hand sales of drugs to a Drug Enforcement Administration (DEA) cooperating witness while DEA agents conducted surveillance. The transactions, or portions thereof, were audio and video recorded. Thus, it is likely that the defendant will be convicted of the charged offenses if he elects to take his case to trial.

In short, the case against the defendant is straight-forward and the evidence of his guilt is strong. Conviction, therefore, is likely. The defendant is facing a severe penalty upon conviction - a mandatory life sentence - which creates the ultimate incentive to flee the jurisdiction in an effort to avoid prosecution.

    **B. The defendant's release from custody also poses an unacceptable risk to the safety of any person or the community.**

The defendant's history of illegal drug distribution, combined with his prior record of committing violent offenses and possessing a dangerous illegal firearm, also makes him a particularly bad candidate for pretrial release. The defendant's ability to obtain and resell illegal drugs means that the defendant has a ready-source of income to aid him in any effort he may undertake to flee the jurisdiction to avoid prosecution.

The inescapable consequence of such activities would be that additional dangerous illegal drugs would be disseminated on the streets of the community. The defendant has previously been convicted and incarcerated for both violent and drug-related offenses and still has continued to engage in illegal conduct. There is no reason to believe that his behavior will be any different if he were released pending trial in the instant case. More importantly, there is nothing in his present motion for release to rebut the presumption that there are no conditions that will mitigate the unacceptable risk of flight and/or danger to the community that the defendant poses at the present time.

    **C.  The proposed conditions of release contained in the defendant's most recent motion are insufficient to ensure his appearance or ensure the safety of the community.**

The defendant argues in his current motion that changed circumstances in the form of additional sureties now warrant his release. The government disagrees. The defendant's circumstances regarding his potential sentence if he is convicted are unaltered from the government's perspective. Further, the additional sureties being offered by the defendant's mother and brother are insignificant when viewed in light of the defendant's potential sentence of life imprisonment upon conviction. It seems unlikely that the defendant, when contemplating the potential of spending the remainder of his life in prison, would not be willing to sacrifice the sureties put up by his family in

4

exchange for his freedom, particularly where he may view himself as being able to repay them for their financial losses over time.

As for the unsecured surety being offered by the defendant and the $50,000 surety being secured by the property delineated in Exhibit B of the defendant's motion, the government also views them as insufficient to ensure the defendant's appearance or the safety of the community. The defendant's work history does not support the contention implied in his motion that he would be in a position to surrender a $10,000 surety if he were to fail to appear or violate any condition of release. Further, the property being offered to secure the $50,000 surety of the defendant's fiancee appears, in reality, to be the defendant's home. Indeed, Exhibit B shows that the property is held in the defendant's name alone. Thus, there is some question as to whether the defendant's fiancee's surety can be secured by a mortgage on that property and as to whether such a surety would have any deterrent effect on the defendant fleeing or violating conditions of release even if the mortgage were valid. Finally, the government notes that this Court previously found that a surety secured by the property described in Exhibit B was insufficient to warrant the defendant's release.

II. **Conclusion**

For the foregoing reasons, the government respectfully requests that the defendant's current motion for conditional

release be denied.

                          Respectfully submitted,

                          MICHAEL J. SULLIVAN
                          United States Attorney

By: _____
     Thomas J. O'Connor, Jr.
     Assistant U.S. Attorney

Dated: December 28, 2005

## CERTIFICATE OF SERVICE

    This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Linda J. Thompson, Esq.
Thompson & Thompson, P.C.
1331 Main Street
Springfield, MA 01103

    This 28th day of December, 2005.

_____
Thomas J. O'Connor, Jr.
Assistant U.S. Attorney