UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | Criminal No. 05-30017-MGM |
| v. | * | |
| | * | |
| CARLOS MARRERO, | * | |
| Defendant | * | |

ORDER

February 11, 2016

MASTROIANNI, U.S.D.J.

Pursuant to Fed. R. Crim. P. 35(a), the court, *sua sponte*, reduces the incarceration portion of the sentence of Defendant for violation of supervised release from 48 months to 40 months and increases his term of supervised release, upon completion of the incarceration, from 12 months to 20 months.

The court finds this reduction corrects the "technical" or "other clear error" of failing to consider the victim's own involvement in the circumstances which surrounded his armed robbery. The victim detailed driving around with two passengers in his vehicle, one known to him, and one he had never met but was with his friend. The drive was not described in any coherent detail relating to purpose or direction, but the victim indicated hearing talk about some aspect of the drug dealing business between his two passengers. The victim denied being involved in any way with the conversations or having any drug-related interest in driving around. The victim indicated numerous times he was familiar with the general area where this incident occurred, knowledge of street crime issues, and the routine of street drug sales. The victim admitted to cocaine use between the time of the incident and appearing at the hearing and when arrested, on a material witness warrant, he had

heroin in his possession. The victim also had a criminal history showing prior drug related charges in his past.

The police asked the victim if this was, in effect, a straight robbery, meaning he was a completely innocent victim as opposed to being peripherally involved in circumstances that turned out bad. The victim denied even the slightest involvement, but the court lacks confidence this denial is completely trustworthy.

Ultimately, at sentencing the court considered all evidence introduced at the hearing and focused on certain points during sentencing. The issue of the victim's own potential involvement in the circumstances leading up to his being robbed was not factored into the analysis under "nature and circumstances of the offense." 18 U.S.C. § 3553(a)(1).

For the foregoing reasons, pursuant to Fed. R. Crim. P. 35(a), Defendant's sentence is hereby reduced from 48 months of incarceration to 40 months of incarceration, and his supervised release to follow is increased from 12 months to 20 months. Defendant shall transition directly from Bureau of Prisons custody into a Community Corrections Center, where he will commence the first eight months of his supervised release. While on supervised release, Defendant shall comply with all standard and special conditions previously ordered by the court. The court adds the condition that Defendant participate in anger management counseling as deemed appropriate by the Probation Office.

It is So Ordered.

/s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge